IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORORERS COMBINED FUNDS OF WESTERN PENNSYLVANIA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Misc. No. 04-397 |
| HUNTAR DEVELOPMENT CORPORATION, CINDRA DALE and MARK DALE, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| v. | )<br>) |
| S&T BANK, SKY BANK, NORTHSIDE BANK, YARBOROUGH DEVELOPMENT and JENDOCO CONSTRUCTION CORPORATION, | )<br>)<br>)<br>)<br>) |
| Garnishees. | ) |

**MEMORANDUM OPINION AND ORDER**

Garnishee Yarborough Development has filed a Petition to Strike/ Open the judgment by admission entered against it by the Clerk of Court on February 16, 2005. Plaintiff Laborers Combined Funds of Western Pennsylvania ("Funds") has filed a brief opposing the petition.

**Background**

This action grows out of a construction contract for a development in Monroeville, Pennsylvania, known as Monroe Meadows. Yarborough Development ("Yarborough") was the general contractor on the project. Yarborough and Huntar Development Corporation ("Huntar") entered into a contract requiring Huntar to perform site work and earth work, to install storm and sanitary sewers, and to provide inspections and certifications of the sewers.

Funds sent interrogatories to the garnishees, including Yarborough. Yarborough's answers to interrogatories in this case show that it is holding $38,000.00 as retainage.

The interrogatories at issue are numbers 1 and 2. Interrogatory 1 is as follows:

1. At the time you were served, or at any subsequent time:

    a. did you owe defendant any money?
    b. were you liable to defendant pursuant to any note or agreement?

    c. did defendant claim that you owed him any money or were liable to defendant for any reason?

Ex. A..

Yarborough denied any liability to the defendant by answering "no" to parts (a), (b) and (c) of Question 1.

Ex. B.

Interrogatory 2 states:

  2. If the answer to interrogatory No. 1 is "yes", state for each account:

    a. Parties to the instrument/agreement;
    b. Date of the instrument/agreement;
    c. Nature/description of the instrument/agreement;
    d. Amount of the payments due thereunder;
    e. Frequency of payments;
    f. Amount of the payments made to date;
    g. Balance due under the instrument/agreement.

Ex. A.

Although Yarborough answered "no" to interrogatory No. 1, it answered interrogatory No. 2 by stating:

  2. (a)-(g) As a result of a construction project known as Monroe Meadows, Yarborough Development is holding $38,000.00 in retainage.

Ex. B.

Funds filed a Praecipe for Judgment by Admission against Yarborough, pursuant to the answer to interrogatory 2.  On February 18, 2005, the Clerk of Court entered judgment by admission in the amount of $15,200.00 in favor of Funds and against Yarborough. Yarborough now petitions to strike or open that judgment.  Funds opposes the petition.

## Discussion

The parties agree that Pennsylvania law governs this action.  Pa. R. Civ. P. 3146(b) provides for judgment against a garnishee by admissions contained in answers to interrogatories as follows:

> The prothonotary on praecipe of the plaintiff, shall enter judgment against the garnishee for the property of the defendant admitted in the answer to interrogatories to be in the garnishee's possession subject to any right therein claimed by the garnishee, but no money judgment entered against the garnishee shall

> exceed the amount o the judgment of the plaintiff against the defendant together with interest and costs. . . .

Pa. R. Civ. P. 3146(b).

Under Pennsylvania law, the admissions of a garnishee, made as answers to a judgment creditor's interrogatories, will support the entry of judgment "only in a clear case, where there is a distinct admission of liability by the garnishee to the defendant." *Ruehl v. Maxwell Steel Co., Inc.* 474 A.2d 1162 (Pa. Super. 1984), quoting *Bartram Building and Loan Association v. Eggleston*, 6 A.2d 508, 510 (Pa. 1939). If there is any doubt regarding the garnishee's admission, judgment should not be entered. *Ruehl*, 474 A.2d at 1164, quoting Goodrich-Amram 2d § 3146(b): 1.1. Indeed, courts and commentators have emphasized that judgment on admission "cannot be entered unless some part of the plaintiff's claim is 'unequivocally and unqualifiedly admitted to be due by the defendant's answer.'" *Id.* (citations omitted). Where judgment against a garnishee has been improperly entered on the basis of such admissions, such judgment may be stricken. *Id*.

Citing *Ruehl*, garnishee Yarborough petitions to have the judgment in this case stricken because it clearly denied any liability in its answer to interrogatory 1.

Plaintiff does not address Yarborough's response to interrogatory 1, and the record shows that judgment was entered against Yarborough solely on the basis of its answer to interrogatory 2, which states that it is holding $38,000.00 in retainage. Yarborough's brief explains that Huntar has not provided the appropriate sewer certification, and that a landslide has occurred on one of the hillsides Hunter graded. As a result, Yarborough asserts that "[n]either Huntar nor its creditors are entitled to receive this retention unless and until Huntary [sic] provides the appropriate certification for the storm water and sanitary sewage systems, and the owner is satisfied that the aforesaid landslide is not the fault of Huntar." (Petition to Strike at ¶10).

Funds asserts that the motion to strike or reopen must be denied because Yarborough has failed to claim any interest in the $38,000.00 under New Matter. Funds distinguishes

3

*Ruehl* as a case where a judgment by admission was struck because the garnishee made a claim against part of the funds using this procedure. In that case, plaintiff obtained a judgment by admission based on the balance in the defendant's bank account. The garnishee bank challenged that judgment by admission, and explained as New Matter that the defendant's account actually had a balance far less than it had when the writ was served. The court held that judgment could not be entered for an amount that exceeded the funds in the defendant's account, and reduced the amount of the judgment.

Since Yarborough's retainage argument is in the nature of a defense to garnishment, it might have been presented, as in *Ruehl*, as New Matter. The failure to do so, however, is not fatal to Yarborough's petition. *Ruehl* was not concerned with the question of liability presented here. The bank in *Ruehl* admitted liability. The funds garnished were indisputably the defendant's property because they were deposited in the defendant's bank account. The only question was whether the judgment could be struck or opened to correct the amount of those funds, not whether or not judgment could be entered against the bank to garnish them.

The record before us does not so clearly establish that Yarborough holds the defendant's monies as opposed to its own funds. It is not uncommon for a construction contract to permit a general contractor to retain a certain percentage of payments due to its subcontractors, in order to insure that the work contracted for is performed. We have found no Pennsylvania decisions directly addressing how retainage should be regarded in a judgment action of this sort, and the parties have not cited to any such authority themselves. However, *Ruehl* and the cases cited therein explicitly state that a judgment creditor's interrogatories will support the entry of judgment "only in a clear case, where there is a distinct admission of liability" on the part of the garnishee. 474 A.2d at 1164. Yarborough expressly denied liability in its answers to interrogatory 1. We agree with the garnishee that, based upon this answer, judgment should not have been entered against it.

Moreover, although Yarborough did not present a defense in New Matter as it could

have done, its statement that it holds retainage indicates that these funds may not belong to Huntar because the contract has not been completely performed. The terms of that contract are not before us. Nevertheless, Yarborough's statement further convinces us that this is not the sort of clear case of admitted liability that would make those monies subject to garnishment on the basis of the answers to plaintiff's interrogatories.

Accordingly, Yarborough's Petition to Strike/ Open the judgment by admission shall be granted. An appropriate Order follows:

AND NOW, to-wit, this 25th day of October, 2005, for the reasons set forth above, it is hereby ORDERED, ADJUDGED, and DECREED that the Petition to Strike/ Open Judgment by Admission (Doc. 14) filed by garnishee Yarborough Development be and hereby is GRANTED. The Clerk of Court be and hereby is directed to strike the judgment entered against Yarborough Development, in the amount of $15,200.00, on February 16, 2005.

s / _____

Maurice B. Cohill, Jr.
Senior United States District Judge